**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

CARDELL WASHINGTON,   )
#290074   )
   )   CIVIL ACTION NO. 9:16-235-MGL-BM
   Petitioner,   )
   )
v.   )   **REPORT AND RECOMMENDATION**
   )
LEROY CARTLEDGE,   )
   )
   Respondent.   )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on January 20, 2016.[1]

The Respondent filed a return and motion for summary judgment on May 11, 2016. As the Petitioner is proceeding pro se, a Roseboro order was entered on May 12, 2016, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Thereafter, on June 23, 2016, Petitioner filed a motion to amend/correct, raising only Ground One from his Petition and omitting his admittedly unexhausted claim (Ground Two).[2] On that same date, Petitioner also filed

_____

[1]Filing date per Houston v. Lack, 487 U.S. 266 (1988).

[2]While Petitioner also filed on that same date a document titled as an opposition to the motion to dismiss, that memorandum did not address Ground One at all or the merits of Ground Two. See Court Docket No. 22. Rather, in that memorandum, Petitioner admitted that Ground Two of his original Petition was not properly exhausted, outlined his request for a stay, and requested permission to not be required to respond to the motion for summary judgment until after he attempted to further
(continued...)

1



a motion to stay this action while he exhausted his state court remedies, citing to Rhines v. Weber,

544 U.S. 269 (2005).  On July 5, 2016, the Respondent filed memoranda in opposition to the motion

to amend and motion to stay and a reply to Petitioner's response in opposition to summary judgment.

On July 27, 2016, the Court denied Petitioner's motion to stay and denied, without

prejudice, Petitioner's motion to amend.  In that Order, Petitioner was directed as follows:

> If Petitioner still wishes to amend his petition to delete Ground Two, he may so notify
> the Court when he files his memorandum in opposition to the pending motion for
> summary judgment.  However, in that event, Petitioner is cautioned that he may be
> prevented from pursuing this claim in a future federal habeas petition on several
> different grounds, including a potential time bar.  Petitioner is granted thirty (30) days
> to file any supplemental memorandum in opposition to the pending motion for
> summary judgment, if he so desires.[3]  Otherwise, the Court will proceed to consider
> the pending motion based on the record currently before the Court.

Despite the Court's Order, Petitioner failed to file any additional response in

opposition to summary judgment.  This matter is now before the Court for disposition.[4]

**Procedural History**

Petitioner was indicted in Laurens County in November 2010 for armed robbery

[Indictment No. 2008-GS-23-1671], possession of a weapon during the commission of a violent

crime [Indictment No. 2008-GS-23-1671], second-degree burglary [Indictment No. 2008-GS-23-

---

[2](...continued)
pursue state court remedies.  Id.

[3]As noted, although Petitioner filed a document captioned response in opposition to summary
judgment, that memorandum does not address his claims on the merits.

[4]This case was automatically referred to the undersigned United States Magistrate Judge for
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
Rule 73.02(B)(2)(c)and (e), D.S.C.  The Respondent has filed a motion for summary judgment.  As
this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



1672], and two counts of kidnapping [Indictment No. 2008-GS-23-1673]. (R.pp. 300-305). Petitioner was represented by Randall L. Chambers, Esquire, and following a jury trial on December 7-8, 2010, was found guilty on all charges. (R.p. 226). Petitioner was sentenced to thirty (30) years for armed robbery, five (5) years for possession of a weapon during the commission of a violent crime, fifteen (15) years for second-degree burglary, and thirty (30) years for each of the two counts of kidnapping, with all sentences to run concurrent. (R.p. 231).

Petitioner filed a timely appeal on which he was represented by Breen R. Stevens, Esquire, of the South Carolina Commission on Indigent Defense. Petitioner's counsel filed an Anders[5] brief seeking to be relieved and raising the following issue on appeal:

> Whether the trial court abused by discretion in admitting the prior written statement of [Quentin] Sullivan pursuant to Rule 613 of the South Carolina Rules of Evidence after he testified at trial when the State failed to first lay the required foundational element of precisely where Sullivan made the statement?

See Court Docket No. 17-1, p. 4.

On February 20, 2013, the South Carolina Court of Appeals filed an Order granting counsel's request to be relieved and dismissing the appeal. State v. Washington, 2013-UP-079 (S.C.Ct.App. Feb. 20, 2013). See Court Docket No. 17-2. The Remittitur was sent down on March 15, 2013. See Court Docket No. 17-3.

On August 2, 2013, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. See Washington v. State of South Carolina, No. 2013-CP-23-4177. (R.pp. 233-

---

[5]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



241).  Petitioner raised the following issues in this APCR:

Ineffective Assistance of Counsel.

1. Counsel fail to raise double jeopardy claim before the jury was sworn;

2. Counsel fail to object to prosecution's improper line of direct examination of state witness Douglas Ashmore was highly improper and far more prejudicial to the applicant;

3. Counsel fail to motion for a direct verdict on Arm[ed] Robbery Indictment #2008-GS-23-1671 [due] to the insufficiency of the indictment language;

4. Counsel fail to motion for a direct verdict on Count 1 kidnapping of Gladys Harrison Indictment 2008-GS-23-1673 [due] to insufficiency of the evidence;

5. Counsel fail to object to the prosecution improper comments in closing argument regarding other unrelated cases;

6. Counsel fail to object to the prosecution improper comment in closing argument for falsely stating applicant called Andrew White and Quentin Sullivan as witness;

7. Counsel fail to object to the prosecution improper vouching for two state witness's Andrew White and Quentin Sullivan written statements;

8. Counsel fail to object to prosecution questioning of Andrew White that no one from her office, or from the State, or anyone else promised anything in exchange for his guilty plea.

(R.pp. 235-237).

Petitioner then filed a pro se "Motion to Amend" on September 6, 2013, raising the following

additional ineffective assistance of counsel issues:

9. Counsel erred in asking for a judgment notwithstanding the verdict (JNOV) in a criminal trial;

10. [Counsel] failed to object to Judge recharge on burglary 2nd. Tr. 223, 208, 218, 222.

(R.p. 290).

Petitioner was represented in his APCR by R. Mills Ariail, Jr., Esquire, and an



4

evidentiary hearing was held on Petitioner's application on August 28, 2014.  (R.pp. 248-288).  In

an order dated September 24, 2014 (filed on October 10, 2015), the PCR judge denied relief on the

APCR in its entirety.  (R.pp. 291-299).

        Petitioner filed a timely appeal of the PCR court's order.  Petitioner was represented

on appeal by Deputy Appellate Defender Wanda H. Carter, who raised the following issue:

> Trial counsel erred in failing to object to the portion of the solicitor's closing
> argument that referred to the testimony of two codefendants as true because this was
> impermissible bolstering that resulted in prejudice to petitioner's case.

See Petition, p. 2 (Court Docket No. 17-4).

On December 2, 2015[6], the South Carolina Supreme Court denied the petition.  See Washington v.

State of South Carolina, Appellate Case No. 2014-002251, Order (S.C.Ct. Dec. 2, 2015) (Court

Docket No. 17-6).  The Remittitur was sent down on December 18, 2015 (filed on December 22,

2015).  See Court Docket Nos. 17-7 and 17-8.

        In his Petition for writ of habeas corpus filed in this United States District Court,

Petitioner raises the following issues:

> **Ground One:** Trial counsel erred in failing to object to the portion of the solicitor's
> argument that referred to the testimony of two codefendants as true because this was
> impermissible bolstering.
>
> a. The Solicitor's specific closing comments: "Andrew White had no way of knowing
> what Quentin Sullivan was going to say . . . You heard they were not threatened or
> coerced in any way or promised anything . . . How would lying have helped them? .
> . . They were telling the truth in the statements that they gave that day.
>
> **Ground Two:** Trial counsel failed to object to the trial judges recharge to the jury on

---

[6]The Respondent points out that the order has a scrivener's error and lists the date as
December 2, 2014.  The correct date is December 2, 2015.  See Court Docket no. 17, p. 4, n. 2.



second-degree burglary.[7]

    a.  The judge added prongs which change the initial change the face of the indictment.

See Petition [Court Document No. 1], pp. 6, 8.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Petitioner argues that his counsel was ineffective for failing to object to the solicitor's closing argument (Ground One) and for failing to object to the trial court's re-charge on burglary in the second degree (Ground Two). Petitioner raised both of these issues in his APCR, where he had the burden of proving the allegations in his petition.  See Washington v. State of South Carolina, No.

_____

[7]In his Petition, with regard to Ground Two, Petitioner stated that Appellate counsel denied him a "fair process" and the opportunity to comply with the State's procedures and obtain adjudication on the merits of this claim, citing to Martinez v. Ryan, 132 S.Ct. 1309 (2012). Petition, p. 8.  This issue is discussed herein in Section II, infra.



2013-CP-23-4177.  See also Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).  The PCR Court denied both claims, and the South Carolina Supreme Court also denied Petitioner's appeal of his APCR on Ground One.[8]  See Court Docket No. 17-6.

The PCR judge found[9] that: 1) Petitioner stated that trial counsel represented him on these charges (related to a Burger King robbery) and another set of armed robbery charges; 2) Petitioner stated he was in the South Carolina Department of Corrections ("SCDC") when trial counsel was appointed and that they did not discuss these charges; 3) Petitioner stated he and trial counsel only discussed the other set of charges, and that he was ultimately found not guilty at trial on those charges; 4) Petitioner stated he met with trial counsel the day before the trial but he did not see the discovery materials; 5) Petitioner stated he told trial counsel to contact Teresa Merritt because the State's theory was that both sets of armed robberies were committed by the same people and Merritt had testified at the first trial that the armed robbery was committed by two white males and one black male; 6) Petitioner stated that he never received a plea offer in his case; 7) Petitioner stated trial counsel should have objected during the assistant solicitor's closing argument; 8) Petitioner stated trial counsel should have objected to the trial judge's re-charge for second-degree burglary;

9) trial counsel testified that he filed discovery motions, received those materials, and that his assistant sent a copy of them to the Petitioner; 10) trial counsel testified the Petitioner was already in the SCDC when he was appointed; 11) trial counsel testified the Petitioner was brought

---

[8]Petitioner did not raise Ground Two in his PCR appeal, and that ground is now procedurally barred.  See discussion, infra.

[9]The PCR judge also made findings on additional issues that have not been raised in Petitioner's federal habeas petition.  (R.pp. 295).  Since those other findings are not relevant to the issues in this petition, they are not discussed herein.



to court in order to discuss a plea offer and that he was brought to the jail a few days before the trial; 12) trial counsel testified he met with the Petitioner about these charges and that they had several phone calls about his case; 13) trial counsel testified that he reviewed the discovery materials with the Petitioner and informed him of the charges, elements, and penalties; 14) trial counsel testified that the Petitioner said he was not involved in the crime; 15) trial counsel testified that he did not recall Petitioner asking him to have Merritt testify at this trial, but that that would have been a terrible idea; 16) trial counsel testified that the State made a twenty-five year offer for all pending charges, which the Petitioner rejected;

17) Petitioner failed to meet his burden of proving trial counsel did not adequately meet with him to prepare his case for trial; 18) trial counsel's testimony was credible; 19) trial counsel adequately conferred with the Petitioner, conducted a proper investigation, and was thoroughly competent in his representation; 20) Petitioner failed to articulate what else trial counsel should have done to investigate or prepare his case for trial; 21) Petitioner did not meet his burden that trial counsel should have objected during the solicitor's closing argument; 22) during her closing argument, the assistant solicitor stated, "Ladies and Gentlemen, we didn't pick Andrew White or Quentin Sullivan as witnesses in this case. The Defendant did. He picked them because they are his friends and they are his co-conspirators." (Trial transcript, p. 188, lines 8-12); 23). There was no meritorious objection to be made to this statement; 24) counsel's arguments to the jury do not constitute evidence; 25) further, the assistant solicitor is allowed to state her version of the testimony and comment on the weight to be given such testimony;

26) Petitioner failed to meet his burden of proving trial counsel should have objected to the trial judge's re-charge to the jury on second-degree burglary; 27) the trial judge's initial charge



for second-degree burglary did not contain any language about the use of a weapon; 28) at the conclusion of the jury charge, the assistant solicitor noted her exception, stating "we only instructed the jury as to the nighttime hour element of the burglary, not to the aggravator of having a deadly weapon or what appeared to be a deadly weapon"; 29) the trial judge ultimately stated "[t]hat's all I'm going to charge, Solicitor."; 30) the trial judge later re-charged the jury on second-degree burglary and kidnapping; 31) as to the second-degree burglary charge, the trial judge included language about the use of a dangerous weapon (or that the burglary happened during nighttime hours); 32) trial counsel was not deficient in failing to object, as the judge is required to charge the current and correct law of South Carolina;

      33) Petitioner failed to prove trial counsel failed to render reasonably effective assistance under prevailing professional norms; 34) Petitioner failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Petitioner; 35) Petitioner failed to show he was prejudiced by counsel's performance; 36) Petitioner did not met his burden of proving counsel failed to render reasonably effective assistance; 37) as to any and all allegations that were raised in the application or at the hearing and not specifically addressed in the Court's Order, the Court found that Petitioner failed to present any testimony, argument, or evidence at the hearing regarding such allegations; and 38) Petitioner had abandoned any such allegations. (R.pp. 294-298).

      Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000).

9



> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362. See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. As noted by the Supreme Court, the

> AEDPA's standard is intentionally " ' "difficult to meet." ' " White v. Woodall, 572 U.S. ___, 134 S.Ct. 1697, 1702 (2014) (quoting Metrish v. Lancaster, 569 U.S. ___, 133 S.Ct. 1781, 1786 (2013)). We have explained that " 'clearly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta,



of this Court's decisions." <u>White</u>, 572 U.S., at \_\_\_, 134 S.Ct., at 1702 (some internal quotation marks omitted). "And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." <u>Id.</u>, at \_\_\_, 134 S.Ct., at 1702 (same). To satisfy this high bar, a habeas petitioner is required to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Harrington v. Richter</u>, 562 U.S. 86 (2011).

Adherence to these principles serves important interests of federalism and comity. AEDPA's requirements reflect a "presumption that state courts know and follow the law." <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24(2002) (<em>per curiam</em>). When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." <u>Harrington</u>, <u>supra</u>, at 102–103, 131 S.Ct. 770 (internal quotation marks omitted). This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be " ' "doubly deferential" ' " in order to afford "both the state court and the defense attorney the benefit of the doubt." <u>Burt v. Titlow</u>, 571 U.S. \_\_\_, 134 S.Ct. 10, 13 (2013) (quoting <u>Cullen v. Pinholster</u>, 563 U.S. 170, \_\_\_, 131 S.Ct. 1388, 1403 (2011)).

<u>Woods v. Donald</u>, 135 S.Ct. 1372, 1376 (2015).

Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694. In <u>Strickland</u>, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner



11

must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996).

        As discussed hereinbelow, infra, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard.  Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

## II.

        Petitioner claims in his Ground One that his trial counsel as ineffective for failing to object to the Solicitor's closing argument, in which she improperly vouched for the credibility of two witnesses.  Improper vouching occurs when the solicitor "places the government's prestige behind a witness by making explicit personal assurances of a witness' veracity, or where a prosecutor implicitly vouches for a witness' veracity by indicating information not presented to the jury supports the testimony."  State v. Shuler, 545 S.E.2d 805, 818 (S.C. 2001).  In the Solicitor's closing argument, she stated the following with regard to the part of her argument which Petitioner contends constituted impermissible bolstering:

>        Now, also look at the consistency that Andrew White had with Quentin Sullivan.  You heard his statement.  Detective Conroy read it into evidence.  You can look at it again.  I urge you to.  I urge you to read their statements when you are back deliberating moments from now.  Quentin Sullivan had no way of knowing what Andrew White was going to say that day.  Andrew White had no way of knowing what Quentin Sullivan was going to say.

>        Now, they briefly gave their statements to Detective Conroy.  You heard they were not threatened or coerced in any way or promised anything.  When they gave

12



their statements, perhaps they hoped that their cooperation would help, that Detective Conroy would at some point go to bat for them or talk to a Solicitor or to a judge about leniency. How would lying have helped them? How would lying have helped them? If they got caught in a lie, they wouldn't be gaining anything. And they haven't been promised anything. So they were telling the truth in the statements they gave that day. This Defendant was with them that night. He did everything they say that he did.

Ladies and Gentlemen, we didn't pick Andrew White or Quentin Sullivan as witnesses in this case. The Defendant did. He picked them because they are his friends and they are his co-conspirators. I would love to have a rabbi or a pastor or a bank president or a school teacher or a stand up in front of you and testify in a case like this, but I don't. I want you to consider who has a dog in this fight. Andrew Washington [sic] doesn't have a dog in the fight. He can't gain anything for testifying today. Why would he lie? Why would he continue to tell a story, if it were a story, four years later? He has nothing to gain.

Now, everyone should be culpable for their own actions. Mr. White has accepted responsibility for his actions. Even Mr. Sullivan has accepted responsibility for his actions. Today, it's up to you to hold Cordelle Washington accountable for his actions. Today is Cordelle Washington's day in court, no one else's. It's time to hold him accountable for what he's done.

(R.pp. 187-188).

Under South Carolina law, the solicitor cannot vouch for the credibility of a witness by expressing or implying his or her personal opinion as to the witnesses' truthfulness. However, as long as the solicitor stays within the record and its reasonable inferences, he or she has a right to give their version of the testimony and comment on the weight and credibility of the witnesses during the trial. See State v. Raffaldt, 456 S.E.2d 390, 393 (S.C. 1995)[where case was essentially a swearing contest, it was proper for solicitor to comment on the credibility of the witnesses by contrasting the testimony of the defendant and the state's witnesses]; State v. New, 526 S.E.2d 237 (S.C.Ct.App. 1999)[solicitor's argument that state's witness had nothing to gain because he would be considered a rat in prison for testifying was a reasonable comment on the credibility of witnesses in the case,



especially where believability was a crucial issue in the trial]; see generally United States v. Necoechea, 986 F.2d 1273, 1279 (9th Cir. 1993)[no vouching when prosecutor argued that "if [the witness is lying, why] isn't she doing a better job of it", and stated "I submit . . . that she's not lying", as the "submit" statements were merely permissible inferences from the record, and the prosecutor's argument that the witness was telling the truth was one he had to make to convict the defendant]; United States v. Livingston, 21 Fed.Appx. 564, 566 (9th Cir. 2001)[no vouching where prosecutor stated "we would submit [the officer is] a decent, honest cop", and "we would submit that [the witness], when you evaluate his testimony as a whole, was truthful and credible", as the statements were prefaced by "we submit", and were book ended by statements that made it clear the credibility determination was for the jury.].

   Here, the Solicitor commented on evidence in the record and urged the jury to look at the statements of the witnesses involved to see how it supported their credibility. The Solicitor did not put the prestige of the office behind the veracity of these witnesses or offer her personal opinion. Rather, she asked the jury to examine the evidence and offered reasons based on the evidence to support the truthfulness of their statements. The state court found there was no improper bolstering in this case based on these statements, and the undersigned can discern no basis to overturn that determination. Woods, 135 S.Ct. at 1376 ["Federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong"]. Therefore, Petitioner has not shown that his counsel was ineffective for failing to object to the solicitor's comments pertaining to these witnesses in this case. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

   Further, even assuming arguendo that the solicitor's comments regarding the witness



testimony did support Petitioner's vouching allegations, Petitioner has still not shown that he is entitled to relief on this claim, as he has failed to show the requisite prejudice. While it is a fundamental precept of American criminal jurisprudence that a prosecutor may not do or say anything that denies a defendant due process; Donnelly v. DeChristoforo, 416 U.S. 637 (1974); Berger v. United States, 295 U.S. 78, 88 (1935)["He [the solicitor] may prosecute with earnestness and vigor-- indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones."]; "the relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly, 416 U.S. at 643). "Moreover, the appropriate standard of review for such a claim on a writ of habeas corpus is the 'narrow one of due process, and not the broad exercise of supervisory power.'" Id. (quoting Donnelly, 416 U.S. at 642). Hence, this court must consider whether the comments made (again assuming arguendo that they were improper) so infected Petitioner's trial with unfairness as to make the resulting conviction a denial of due process; see California v. Ramos, 463 U.S. 992, 998-99 (1983); and in conducting this review, such comments being undesirable or even "universally condemned" is not alone enough to warrant reversal. Darden, 477 U.S. at 180-81; see also Donnelly, 416 U.S. at 643.

In United States v. Harrison, 716 F.2d 1050 (4th Cir. 1983), cert. denied, 466 U.S. 972 (1984), the Fourth Circuit set forth the following four factors to be examined to determine whether a prosecutor's comments were so damaging as to require reversal:

(1) the degree to which remarks misled the jury and prejudiced the defendant;

(2) whether remarks were isolated or extensive;

(3) whether absent remarks competent evidence established guilt; and

15



(4) whether comments were deliberately placed before the jury to divert attention to extraneous matters.

Id. at 1052.  Here, after a careful review of the record pursuant to the standards set forth by the Fourth Circuit in Harrison, the undersigned does not find that reversal is warranted in this case.  The undersigned has carefully reviewed the transcript of the closing arguments, the allegations of Petitioner, the jury instructions from the court, and the memoranda of the parties, and does not find that the solicitor's comments so infected the trial with unfairness as to deny the Petitioner due process.  The solicitor's comments concerning the witnesses who testified were not such as to mislead the jury in any way, and there was competent evidence on which the jury could have established Petitioner's guilt, notwithstanding the cited remarks.  Finally, although Petitioner speculates that the outcome of his trial may have been different if his counsel had objected, he has produced no evidence to support his assertions.  Cf. Green v. State of South Carolina, 569 S.E.2d 318, 324 (S.C. 2002)[Speculation as to whether a juror wished to convict not sufficient to warrant relief].

Hence, applying the four-factor test employed by the Fourth Circuit Court of Appeals, even assuming arguendo that the cited comments were improper, they were not so damaging as to require reversal in this case.  United States v. Harrison, 716 F.2d at 1052; California v. Ramos, 463 U.S. at 998-99.  Nor has Petitioner shown that he was prejudiced by any impropriety in the Solicitor's closing argument.  Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1989)[Speculation and conjecture does not satisfy the prejudice prong of Strickland].  Accordingly, Petitioner has not shown any prejudice from these alleged deficiencies.

In sum, Petitioner has not shown that the outcome of his trial would have been different even if his counsel had objected to the Solicitor's closing argument and the trial court would



have sustained that objection. <u>Brown v. State</u>, 680 S.E.2d 909, 915-916 (S.C. 2009). Therefore, Petitioner has not shown that the findings and rulings of the state courts were unreasonable, or that his counsel was ineffective. <u>Evans</u>, 220 F.3d at 312; <u>Williams v. Taylor</u>, <u>supra</u>; <u>Strickland v. Washington</u>, <u>supra</u>.; <u>Greene v. Fisher</u>, 132 S.Ct. 38, 43 (2011)[observing that AEDPA's "standard of 'contrary to, or involv[ing] an unreasonable application of, clearly established Federal law' is difficult to meet, because [its purpose] is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems', and not as a means of error correction"]. Ground One should be dismissed.

### III.

While Petitioner raised Ground Two that his counsel was ineffective for failing to object to the trial judge's recharge on burglary in the second degree in his lower court PCR proceeding, where it was rejected, Petitioner did not thereafter raise this issue in his PCR appeal. Because Petitioner did not raise Ground Two in his APCR appeal, it is barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], <u>cert</u>. <u>denied</u>, 117



S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To

satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's

highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court

is technically met when exhaustion is unconditionally waived by the state...or when a state procedural

rule would bar consideration if the claim[s] [were] later presented to the state court."], <u>cert.</u> <u>denied</u>,

522 U.S. 833 (1997); <u>Ingram</u>, 1998 WL 726757 at **1.

        However, even though otherwise exhausted, because this issue was not *properly*

pursued and exhausted by the Petitioner in the state courts through the final level of state court

review, federal habeas review of this claim is now precluded absent a showing of cause and prejudice,

or actual innocence. <u>Martinez v. Ryan</u>, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); <u>Wainwright</u>

<u>v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert.</u> <u>denied</u>, 492

U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims
> in State court pursuant to an independent and adequate State
> procedural rule, Federal Habeas review of the claim is barred unless
> the prisoner can demonstrate cause for the default and actual prejudice
> as a result of the alleged violation of Federal law, or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage
> of justice.

<u>Coleman</u>, 501 U.S. at 750.

        In his Petition, Petitioner's purported "cause" for his default of this issue is that his

PCR appellate counsel was ineffective for not pursuing this issue in his PCR appeal.  However,

ineffective assistance of PCR appellate counsel is not cause for a default.  <u>Martinez</u>, 132 S.Ct. at



1316[10];    Cross v. Stevenson, No. 11-2874, 2013 WL 1207067 at * 3 (D.S.C. Mar. 25, 2013)["*Martinez* . . . does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."](quoting Martinez, 132 S.Ct. at 1320); Rodriguez v. Padula, No. 11-1297, 2014 WL 1912345 at * 7 (D.S.C. May 12, 2014); Johnson v. Warden of Broad River Corr., No. 12-7270, 2013 WL 856731 at * 1 (4th Cir. Mar. 8, 2013)[PCR appellate counsel error cannot constitute cause under Martinez exception]; Johnson v. Cartledge, No. 12-1536, 2014WL 1159591 at *10 (D.S.C. Mar. 21, 2014)(same); Lewis v. Williams, No. 12-3214, 2013 WL 3929993 at *4 (C.D.Ill. July 29, 2013)[Ineffective assistance of PCR appellate counsel is not a ground for relief under § 2254]; Flowers v. Norris, No. 07-197, 2008 WL 5401675 at * 11 (E.D.Ark. Dec. 23, 2008)[same]. Therefore, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, to the extent Petitioner is arguing that he is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type

---

[10]In Martinez, the United States Supreme Court carved out a narrow exception where ineffective assistance of initial PCR counsel, but not appellate PCR counsel, may constitute cause for a procedural default. Martinez, 132 S.Ct. at 1316-1318.

19



that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges on which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, Ground Two asserted by Petitioner in this habeas petition is procedurally barred from consideration by this Court, and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

September 6, 2016
Charleston, South Carolina

_____
Bristow Marchant
United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robyn L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

21
